IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MOHAMMED A. MIAN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX 17-1971 |
| JOHN PAUKSTIS; HABITAT FOR HUMANITY METRO MARYLAND, INC., | * * | |
| Defendants. | * | |

******

**MEMORANDUM OPINION AND ORDER**

Pending before the Court in this employment case are two motions: a motion to dismiss filed by Defendants John Paukstis and Habitat for Humanity Metro Maryland, Inc. ("Paukstis" and "Habitat for Humanity," respectively) (ECF No. 6), and a motion for leave to file a reply to the Defendants' answer under Federal Rule of Civil Procedure 7(a)(7) filed by Plaintiff Mohammad A. Mian ("Mian") (ECF No. 15). The issues are fully briefed, and, because no hearing is necessary, the Court now rules pursuant to Local Rule 105.6. The Court GRANTS the motion to dismiss (ECF No. 6) and DENIES the motion to file under Rule 7(a)(7) (ECF No. 15).

**I.     BACKGROUND**

Mian, proceeding *pro se*, filed a complaint against Paukstis and Habitat for Humanity[1] which Mian styled as one for employment discrimination. ECF No. 1 at 1. Mian was a participant in the Jewish Council for the Aging's Senior Community Service Employment Program, which placed him as a volunteer with Habitat for Humanity. ECF No. 1 ¶¶ 3, 4. Mian

---

[1] The Court notes the Defendants' assertions that Habitat for Humanity was not properly made a party to this case. ECF No. 6-1 at 2 n.1. The Court nevertheless will dismiss this case as though it were.

volunteered with Habitat for Humanity for approximately one year and, in December 2015, wrote to express interest in being brought on as a regular employee. ECF No. 1 ¶ 5, ECF No. 1-4. Mian was informed that no positions were open. ECF No. 1-5 at 1, 1-7 at 2 (Mian asked Habitat for Humanity to create a position for him; no position was created). Some weeks later, an assistant manager resigned, leaving a position open at the facility where Mian worked. Mian apparently was not informed of the vacancy, and another candidate was hired. ECF No. 1-5 at 1. Mian recognized that he did not meet the physical requirements of the assistant manager position. ECF No. 1-5 at 1.

At the same time, Mian alleges that a Habitat for Humanity employee who worked in the same facility as he did, Sharika, yelled at him on multiple occasions. ECF No. 1 ¶¶ 9, 10. Mian complained to Habitat for Humanity and to his contact at the Jewish Council for the Aging. ECF No. 1 ¶¶ 9, 12. Following a meeting between representatives of Habitat for Humanity and the Jewish Council for the Aging, which Mian declined to attend, Mian was informed that he would be reassigned to a different host site at which to volunteer. ECF No. 1-7 at 6, ECF No. 1 ¶ 11.

Mian thereafter filed a complaint with the Montgomery County Office of Human Rights ("MCOHR"). ECF No. 1 ¶ 14, ECF No. 1-7. The MCOHR found that no reasonable grounds existed to support an actionable claim. ECF No. 1-7 at 8. Mian appealed to the Case Review Board of the Human Rights Commission ("the Board"), which affirmed the MCOHR decision. ECF No. 1-9 at 1. This suit followed.

## II.  STANDARD OF REVIEW

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) properly is granted when a complaint does not include sufficient factual allegations to render the plaintiff's claims facially plausible, or to permit reasonable inference that the

defendant is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). To assess a motion to dismiss, a court takes as true all well-pleaded factual allegations and makes all reasonable inferences in the favor of the plaintiff. *Phillips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 1999). A court may consider materials attached to the Complaint when reviewing a Rule 12(b)(6) motion to dismiss. *Id.* However, when determining if a plaintiff has stated a valid claim, a court does not credit conclusory statements or a plaintiff's legal conclusions, even when the plaintiff purports them to be allegations of fact. *See Iqbal*, 556 U.S. at 678–79; *Giarrantano v. Jonson*, 520 F.3d 298, 302 (4th Cir. 2008). Further, "[a] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 665.

Because Mian is proceeding *pro se*, the Court must construe his complaint liberally to allow for the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Liberal construction requires that if the Court can reasonably read the Complaint to state a valid claim, it must do so; however, the Court cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed."). The Court is not "required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them." *Id.* (internal quotation marks omitted). Neither should the Court "conjure up questions never squarely presented . . . . Even in the case of *pro se* litigants, [district courts] cannot be expected

to construct full blown claims from sentence fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. DISCUSSION

#### A. Appeal of the Board's Decision

As an initial matter, the Court cannot grant Mian's requested relief, which he styles as "Solicitation," in his Complaint. ECF No. 1 at 7. Mian's requested relief reads in full:[2]

> 21.
>> a) This honorable court is requested that in view of the foregoing facts in the case, there was no controversial issue left and case was over after rebuttals answer.
>>
>> b) The new issue invented by the Human Rights Director for the conclusion was just attempt to fill up vacuum of any valid issue available to make the excuse to terminate the complaint with bad faith adding racial and religious bias.
>>
>> c) This honorable court is also requested to vacate this non-Controversial issue and order for preparing damages claim by an Expert Attorney
>>
>> d) The plaintiff is long time jobless, sick & worried sustaining injuries of harassment and would need a preliminary award of $100,000/- to meet his domestic urgent needs before proper claim is presented for the case settlement
>
> Proper Damages Claim
>
> 20. An expert attorney to settle all kind of relevant damages relating to employment discrimination, harassment at workplace, race and religion bias be ordered to work to present proper claim admissible under County, State and Federal laws to the maximum level to deter such discriminations by the employers in civil society.

ECF No. 1 ¶¶ 21, 22.[3]

As the Defendants point out, the relief requested by Mian suggests that his action should be construed as one to vacate and remand the Board's decision. Such a cause of action does not

---
[2] The Court has transcribed this section of Mian's Complaint verbatim; formatting irregularities and typographical and grammatical errors are from the original.
[3] The paragraph numbers in Mian's complaint go back to 20 after paragraph 21. The Court has referred to the paragraph under "Proper Damages Claim" as ¶ 22.

exist.  To the extent that Mian seeks, effectively, appellate review of the Board's decision, his Complaint must be dismissed.

### B.  Discrimination Claims

To the extent that Mian seeks to bring an action under Title VII or analogous state or county law, the Complaint—construed as liberally as possible without "conjur[ing] up questions" that Mian has not presented—fails to allege facts that plausibly make out a right to relief.

#### 1.  Failure to Hire

Mian's complaint largely centers around Habitat for Humanity's failure to hire him for the position of assistant manager.  *See* ECF No. 1 ¶ 7.  To sustain a failure-to-hire discrimination claim, Mian must aver facts sufficient to show that: "(i) he belongs to a protected class, (ii) he applied and was qualified for a job for which the employer was seeking applicants, (iii) despite his qualifications, he was rejected, and (iv) after his rejection, the position remained open and the employer continued to seek applicants from persons of his qualifications."  *EEOC v. Sears Roebuck and Co.*, 243 F.3d 846, 851 (4th Cir. 2001).

In this case, Mian has failed to allege facts sufficient to support prongs (ii), (iii), and (iv) above.  As to prong (ii), it is unclear whether Mian applied to the assistant manager position—Mian expressed a generalized interest in being hired by Habitat for Humanity at a time when no positions were open, *see* ECF No. 1-4; ECF No. 1-7 at 4, 5, but Mian did not expressly apply when the assistant manager position opened some weeks later, *see* ECF No. 1-7 at 4.

Alternatively, even if Mian's general expression of interest in working for Habitat for Humanity properly is taken as an application for the assistant manager position (or if Habitat for Humanity engaged in other illicit behavior during the application process), Mian has failed to allege plausibly that he was qualified for the position.  Mian indeed admitted to Habitat for

Humanity, "I know I was not able to compete physically being of 75," and attached this admission to his Complaint, ECF No. 1-5 at 1; *see* ECF No. 1-7 at 3 ("[Mian] stated that [Habitat for Humanity] would derive greater benefits from hiring younger individuals . . . [he] knew he did not [have] the physical strength Francisco had."). Mian has not alleged any other facts demonstrating that he was qualified for the assistant manager position.

Similarly, Mian has not alleged facts that show he was rejected despite such qualifications, as required for prong (iii) of the prima facie showing. As for prong (iv), Mian has not alleged facts to suggest that the position remained open and that Habitat for Humanity sought out other applicants with Mian's qualifications. Indeed, his Complaint and the supporting documents suggest that the position was filled with someone who met the physical qualifications of the position.

### 2. Hostile Work Environment

Mian's Complaint similarly cannot state a claim premised on a hostile work environment. To sustain such an action under Title VII, a plaintiff must plead facts to support that the complained-of conduct was: (1) unwelcome, (2) based on a protected characteristic, (3) sufficiently severe or pervasive to alter the conditions of employment and to create an abusive work environment, and (4) imputable to the employer. *See Ocheltree v. Scollon Prods., Inc.*, 335 F.3d 325, 331 (4th Cir. 2003) (en banc). "Although a plaintiff may subjectively believe that the offending conduct created a hostile work environment, conduct that is not severe or pervasive enough to create an *objectively* hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview." *High v. R & R Transportation, Inc.*, 242 F. Supp. 3d 433, 442–43 (M.D.N.C. 2017) (internal marks and citation omitted). "To determine whether harassment is sufficiently severe or pervasive to create

an objectively hostile and abusive work environment, courts must consider the totality of the circumstances including: (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or a mere offensive utterance; and (4) whether it unreasonably interferes with the employee's work performance." *Id.* (internal quotation marks omitted). The harassing "conduct must be [so] extreme [as] to amount to a change in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Id.* (internal quotations and citations omitted); *see also Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 270–71 (2001).

The incidents of which Mian complains, Sharika yelling at or otherwise belittling him, are not sufficiently serious to be considered actionable under Title VII. Nor does the Complaint plausibly aver that Sharika's hostile actions occurred because of any protected characteristic of the Plaintiff. Documents attached to the Complaint show that at least one instance in which Sharika berated Mian was due to Mian using the wrong door to access the facility in which he worked. ECF No. 1-7 at 3. And Mian provides no factual detail in the Complaint itself that would allow the Court to infer an illicit motive. *See* ECF No. 1 ¶¶ 9, 10. Mian therefore has not made out a claim for discrimination on the basis of a hostile work environment.

### 3. Retaliation

Nor can Mian's Complaint be read to state a claim for retaliation. Retaliation requires the plaintiff to plead (1) engagement in a protected activity; (2) an adverse employment action; and (3) a causal link between the protected activity and the employment action. *See Booth v. Cty. Exec.*, 186 F. Supp. 3d 479, 487 (D. Md. 2016). The retaliatory action must be "materially

adverse." *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). This requires the Plaintiff to allege plausibly that the employer's acts would dissuade a reasonable employee from making or supporting a charge of discrimination. *Id.*

Here, Mian appears to claim that Sharika's hostile conduct was in retaliation for Mian's complaint to Habitat for Humanity about their failure to hire him. *See* ECF No. 1 ¶ 8. However, Sharika's conduct, as discussed above, was neither severe nor pervasive, and as pleaded does not amount to an adverse employment action.[4] No claim has been stated under a theory of retaliation.

### IV. MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 7(a)(7)

Federal Rule of Civil Procedure 7(a)(7) expressly permits an answer to a reply if ordered by the Court. Fed. R. Civ. P. 7(a)(7). The Court has not ordered Mian to reply to the Defendants' answer. Nor does the Court find any reason so to order. Mian's motion does not make out any necessity of such a reply, and a review of the proposed reply suggests that it is an attempt to raise issues properly reserved for later stages of litigation. *See Lindsay v. Glick*, No. 1:15CV596, 2016 WL 6238542, at *3 (M.D.N.C. Oct. 25, 2016); *Kansas-Nebraska Nat. Gas Co. v. Vill. Of Deshler, Neb.*, 192 F. Supp. 303, 311 (D. Neb. 1960), *aff'd sub nom. Kansas-Nebraska Nat. Gas Corp. v. Vill. Of Deshler, Neb.*, 288 F.2d 717 (8th Cir. 1961) (reply to answer was neither necessary nor appropriate when the answer did not contain a counterclaim or crossclaim); *Coley v. Pierce*, 1. F.R.D. 77, 77 (D.D.C. 1939) ("The answer to this pleading contains denials and assertions of fact which raise definite issues as to said claims . . . . The pleadings should go no further . . . without leave of court."); *see also Garner v. Morales*, 237 F.R.D. 399, 400 (S.D. Tex. 2006) ("Plaintiff has not provided any basis for the necessity of such a reply. Indeed, such replies typically do not enhance the efficiency of the litigation."); *Truvia v. Julien*, 187 F. App'x

---

[4] Additionally, Mian does not allege any basis to impute Sharika's actions to Habitat for Humanity.

346, 349–50 (5th Cir. 2006) (explaining that a reply is useful in instances when an answer raises the affirmative defense of qualified immunity, because it allows the plaintiff to satisfy the heightened pleading standards applicable to claims implicating immunity defenses; this is not necessary when the defense is raised in a motion to dismiss because the plaintiff has ample opportunity to respond). As such, Mian's motion is denied.

V. **CONCLUSION AND ORDER**

Mian has failed to make out a plausible claim upon which relief can be granted, and any reply to the Defendants' answer is unnecessary. Accordingly, it is the 2nd day of January, 2018, ORDERED that:

1. The motion to dismiss filed by Defendants JOHN PAUKSTIS and HABITAT FOR HUMANITY METRO MARYLAND (ECF No. 6) BE, and the same hereby IS, GRANTED;

2. The motion for leave to file under Federal Rule of Civil Procedure 7(a)(7) filed by Plaintiff MOHAMMAD A. MIAN (ECF No. 15) BE, and the same hereby IS, DENIED;

3. The Complaint filed by Plaintiff MOHAMMAD A. MIAN (ECF No. 1) BE, and the same hereby IS, DISMISSED;

4. The Clerk is directed to transmit copies of this Memorandum Opinion and Order to Plaintiff and Counsel for the Defendants; and

5. The Clerk is directed to CLOSE this case.

| 1/2/2018 | /S/ |
|---|---|
| Date | Paula Xinis |
| | United States District Judge |